

# CT Corporation

**Service of Process Transmittal**
11/20/2012
CT Log Number 521650462

**RECEIVED NOV 3 0 2012**

NECC



**TO:** Greg Conigliaro
New England Compounding Pharmacy, Inc.
52 SEARS ROAD
SOUTHBOROUGH, MA 01772

**RE:** Process Served in Florida

**FOR:** New England Compounding Pharmacy, Inc. (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vilinda York, Pltf. vs. New England Compounding Pharmacy, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Certificate, Amended Complaint |
| **COURT/AGENCY:** | Marion County Circuit Court, FL<br>Case # 124133CAG |
| **NATURE OF ACTION:** | Certificate of Service of Amended Complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/20/2012 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | John H. Piccin<br>Piccin Law Firm<br>Post Office Box 159<br>Ocala, FL 34478<br>352-351-5446 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 794144179480 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 1 / KD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE CIRCUIT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR MARION COUNTY, FLORIDA

CASE NO.: 12-4133-CA-G

VILINDA YORK,

    Plaintiff

vs.

NEW ENGLAND COMPOUNDING PHARMACY, INC., a foreign corporation, d/b/a NEW ENGLAND COMPOUNDING CENTER (NECC),

    Defendant

___

### CERTIFICATE OF SERVICE OF AMENDED COMPLAINT

I, JOHN H. PICCIN, as attorney for Plaintiff, hereby certify that a copy of the attached Amended Complaint has been served on CT CORPORATION SYSTEM as Registered Agent for Defendant, NEW ENGLAND COMPOUNDING PHARMACY, INC., 1200 South Pine Island Road, Plantation, FL, 33324, by mail this 13th day of November, 2012.

PICCIN LAW FIRM
Post Office Box 159
Ocala, FL 34478-0159
(352)351-5446
FAX (352)351-8057
jp@piccinlawfirm.com
Attorney for Plaintiff

By _____
John H. Piccin
Florida Bar No. 0194033

IN THE CIRCUIT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR MARION COUNTY, FLORIDA

CASE NO.: 12-4133-CA-G

VILINDA YORK,

    Plaintiff

vs.

NEW ENGLAND COMPOUNDING PHARMACY, INC., a foreign corporation, d/b/a NEW ENGLAND COMPOUNDING CENTER (NECC),

    Defendant

_____

## AMENDED COMPLAINT

Plaintiff VILINDA YORK, by counsel, sues Defendants NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER (NECC), and MARION PAIN MANAGEMENT CENTER, INC., and says:

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00).

2. At all material times, NEW ENGLAND COMPOUNDING PHARMACY, INC., d/b/a NEW ENGLAND COMPOUNDING CENTER (hereinafter "NECC") was and is a foreign corporation authorized to do and doing business in Marion County, Florida.

3. At all material times, MARION PAIN MANAGEMENT CENTER, INC. (hereinafter "Marion Pain Management") was and is a Florida corporation authorized to do and doing business in Marion County, Florida.

4. At all material times, NECC compounded and manufactured drugs in Framingham, Massachusetts for distribution and sale nationwide.

5. NECC compounded, manufactured and sold the drug methyprednisolone acetate, a steroid used to treat back pain, to Marion Pain Management in Marion County, Florida before and in August 2012. Said drug was sold to Marion Pain Management for injection by Marion Pain Management in its patients for spine pain treatment.

6. Plaintiff had spine pain as a result of a motor vehicle collision which occurred on January 1, 2012. Plaintiff was referred to Marion Pain Management by her treating internal medicine physician for spine pain treatment.

7. The medical doctor employee and owner of Marion Pain Management performed epidural spinal injections of methyprednisolone acetate, compounded and manufactured and distributed by NECC, in Plaintiff on August 15, 2012 and August 28, 2012.

8. Plaintiff became ill thereafter and was admitted to Munroe Regional Medical Center in Marion County, Florida on September 27, 2012, and remains an inpatient in that facility.

## COUNT I (Negligence Of NECC)

9. Plaintiff incorporates paragraphs 1 through 8 above.

10. NECC had a duty to compound and distribute methyprednisolone acetate in a reasonably careful manner and to warn about the significant risks of being injected in the spine with it.

11. NECC violated those duties by:

   (a) not operating in accordance with Massachusetts licensing regulation which requires that a compounding facility such as NECC have a prescription for each drug it compounds and distributes. Despite such regulation, NECC compounded and manufactured methyprednisolone acetate in bulk — in this case, more than 17,000 doses — without the required prescriptions, and

      distributed methyprednisolone acetate to Marion Pain Management Center, Inc.;

  (b)  compounding, manufacturing and selling large quantities of methyprednisolone acetate without meeting safety and quality requirements for new manufactured drugs;

  (c)  compounding, manufacturing and selling contaminated methyprednisolone acetate without sufficient controls (equipment, employee training, testing and/or facilities) to ensure product quality and sterility;

  (d)  compounding, manufacturing and selling contaminated methyprednisolone acetate which was injected into Plaintiff's spine;

  (e)  failing to provide an adequate warning Plaintiff about the significant risks of being injected in the spine with its relatively cheap and low quality methyprednisolone acetate.

  12.  As a result, the methyprednisolone acetate compounded, manufactured and distributed by NECC was unreasonably dangerous to the public and to Plaintiff, and Plaintiff contracted fungal meningitis from NECC's contaminated methyprednisolone acetate. Plaintiff also suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

  WHEREFORE, Plaintiff seeks judgment against NECC for damages, including interest as allowed by law, and trial by jury.

## COUNT II (Strict Liability Of NECC)

13. Plaintiff incorporates paragraphs 1 through 12 above.

14. The methyprednisolone acetate which NECC placed in the stream of commerce and which was injected into Plaintiff's spine was not sterile, was contaminated and was unreasonably dangerous to the public and to Plaintiff.

WHEREFORE, Plaintiff seeks judgment against NECC for damages, including interest as allowed by law, and trial by jury.

## COUNT III (Negligence Of Marion Pain Management)

15. Plaintiff incorporates paragraphs 1 through 8 and 12 above.

16. MARION PAIN MANAGEMENT had a duty to utilize only a steroid which was sterile and safe for its patients and to warn about the significant risks of being injected in the spine with the methyprednisolone acetate it purchased from NECC.

17. MARION PAIN MANAGEMENT breached those duties by:

    (a) using methyprednisolone acetate compounded and manufactured by NECC which was cheaper and of inferior quality to steroids manufactured by leading drug manufacturers such as Kenalog manufactured by Bristol Myers Squibb, and was in fact contaminated and not sterile, and dangerous to public consumers and to Plaintiff.

    (b) purchasing methyprednisolone acetate from NECC, knowing (1) that NECC was a compounding facility which is not subject to Federal Drug Administration regulation, knowing (2) that NECC, as a compounding facility, was required to have a prescription for each drug it compounds and distributes, but that NECC manufactured methyprednisolone acetate in bulk

and without the required prescriptions and sold it to Marion Pain Management and (3) knowing that the product therefore is much more likely to be dangerous to public consumers and to Plaintiff.

(c) failing to warn Plaintiff about the significant risks of being injected in the spine with methyprednisolone acetate compounded and manufactured by NECC.

WHEREFORE, Plaintiff seeks judgment against MARION PAIN MANAGEMENT for damages, including interest as allowed by law, and trial by jury.

### COUNT IV (Strict Liability of Marion Pain Management)

18. Plaintiff incorporates paragraphs 1 through 8 and 12 and 16 and 17 above.

19. The methyprednisolone acetate which Marion Pain Management purchased from NECC and was injected into Plaintiff's spine was not sterile, was contaminated and was unreasonably dangerous to the public and to Plaintiff

WHEREFORE, Plaintiff seeks judgment against MARION PAIN MANAGEMENT for damages, including interest as allowed by law, and trial by jury.

Dated this 13th day of November, 2012.

PICCIN LAW FIRM
Post Office Box 159
Ocala, FL 34478-0159
(352)351-5446
FAX (352)351-8057
jp@piccinlawfirm.com
Attorney for Plaintiff

By _____
John H. Piccin
Florida Bar No. 0194033