UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No. 5:12-CV-630-oc-22PRL

VILINDA YORK

      Plaintiff,

v.

NEW ENGLAND COMPOUNDING
PHARMACY, INC., a foreign corporation,
d/b/a NEW ENGLAND COMPOUNDING
CENTER (NECC),and MARION PAIN
MANAGEMENT CENTER, INC.,
a Florida corporation,

      Defendants.

_____/

**PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANT NEW ENGLAND
COMPOUNDING PHARMACY, INC.'S ("NECC") MOTION TO STAY [D.E. 15]**

      Plaintiff Vilinda York files her response to Defendant NECC's Motion to Stay and

in support thereof, states as follows:

INTRODUCTION & FACTS

      Ms. York currently resides in an Ocala hospital infected with spinal meningitis

from Defendant NECC's tainted prednisone product. Assuming her survival, Ms. York

will spend at least 3 months in the hospital on a course of aggressive antibiotics that could

lead to kidney failure.

      NECC's contention that Ms. York will not be prejudiced by having to wait to pursue

her case until after the JPML hears oral argument on this matter on January 31, 2013, is

insensitive, inequitable and wrong. Plaintiff faces substantial prejudice every day her case

1

is delayed. Given Ms. York's dire state of health due to NECC's acts and omissions, Plaintiff requests that the Court deny NECC's motion to stay and delay this case and rule on Plaintiff's Motion for Remand so that this case may properly proceed in state court unfettered by the procedural stays and mass litigation of a proposed MDL. Plaintiff's case should not be held hostage for NECC's choice of its preferred forum. There is no guarantee when the JPML will rule on the MDL petition, nor is there any guarantee that the JPML will grant MDL status to this case. In summary, NECC wants Plaintiff to wait indefinitely on unknown contingencies while Plaintiff is ill and fighting for her life in an Ocala hospital due to NECC's actions.

MEMORANDUM OF LAW

Plaintiff agrees with NECC that this court has the inherent and discretionary authority to control its docket and stay or move cases. Given Ms. York's illness, it would be improper to delay this case in any manner. NECC requests a stay when it will be at least another month until the JPML convenes and rules with no guarantee of an MDL being ordered. NECC asks the Court to accept these unknown contingencies for its own convenience while Ms. York is fighting to recover in the hospital because of NECC's acts and omissions. For this reason alone, the Court should exercise its discretionary authority and deny Defendant's Motion to Stay and remand this case to state court.

There is no conditional transfer order to an MDL pending in this case, as there is no MDL, but even if there were, it is clear by the very rules of the Judicial Panel on Multidistrict (JPML) litigation that, "The pendency of a … conditional transfer order … does not affect or suspend …pretrial proceedings in any pending federal district court

action and does not limit the pretrial jurisdiction of that court." Rule 2.1(d) R.J.P.M.L.

The JPML rule is echoed in the Manual for Complex Litigation, 4th, §20-131 (2004) at

220-21 stating: "The transferor court should not automatically stay discovery … Nor

should the court automatically postpone ruling on pending motions, or general suspend

further proceedings … [M]atters such as motions to dismiss or *to remand*, raising issues

unique to the particular case, may be particularly appropriate for resolution before the

Panel acts on the motion to transfer. *Id.* (emphasis supplied). Simply because the JPML is

hearing oral argument over a month from now, it does not remove the prejudice to Ms.

York by not being able to advance her case.

   WHEREFORE based upon the foregoing reasons and authorities, Ms. York

respectfully requests this Court deny Defendant's Motion to Stay this case and remand it

the Fifth Judicial Circuit in and for Marion County, Florida, and enter an order pursuant to

28 U.S.C. 1447(c) granting Plaintiff just costs and any actual expenses, including attorney

fees, incurred as a result of the removal.

   Respectfully submitted,


Dated:   December 17, 2012.

   John Piccin, Esq.
   Florida Bar Number 0194033
   jp@piccinlawfirm.com
   PICCIN LAW FIRM
   Post Office Box 159
   Ocala, FL 34478-0159
   Phone:352-351-5446
   Fax:352-351-8057
   *Co-Counsel for Plaintiff*

   /s Patrick S. Montoya
   Ervin A. Gonzalez (Trial Counsel)

3

Florida Bar No. 500720
Ervin@colson.con
Patrick S. Montoya
Florida Bar No. 524441
patrick@colson.com
COLSON HICKS EIDSON COLSON
MATTHEWS MARTINEZ GONZALEZ
KALBAC & KANE
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing and via email and U.S. Mail to: Rhonda Beesing, Esq., Daniel Shapiro, Esq., Shapiro@csklegal.com, Rhonda.beesing@csklegal.com, Cole, Scott & Kissane P.A., Attorneys for Defendant/Marion Pain Management Center, Inc., 4301 West Boy Scout Boulevard, Suite# 400, Tampa, Florida 33607.


/s Patrick S. Montoya

4

**<u>Service List</u>**

Vilinda York v. New England Compounding Pharmacy, Inc.,
D/B/A New England Compounding Center (NECC), and Marion Pain
Management Center, Inc., a Florida corporation,
Case No.: 5:12-CV-630-oc-22PRL

United States District Court, Middle District of Florida

Charles D. Bavol
Florida Bar Number 776701
cbavol@bleakleybavol.com
Melissa Kreps
Florida Bar Number 595551
mkreps@bleakleybavol.com
Attorneys for Defendant NECC
Bleakley Bavol Law Firm
15170 N. Florida Ave.
Tampa, FL 33613

5